UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DOREEN BROWN, *et al.*,

                            Plaintiffs,

    v.

DEB HAALAND, *et al.*,

                          Defendants.

Case No. 3:21-cv-00344-MMD-CLB

ORDER

## I.   SUMMARY

This is an action for injunctive relief relating to the demolition of homes and eviction of their residents on the Winnemucca Indian Colony. Plaintiffs, ten individuals who reside on the Winnemucca Indian Colony, brought this action for injunctive relief against Defendants Deb Haaland in her official capacity as Secretary of the U.S. Department of the Interior and the United States of America (collectively, "the government"). (ECF No. 6.) After attempts to resolve the dispute out of court failed, Plaintiffs moved for emergency relief. (ECF No. 15.) The Court then permitted Winnemucca Indian Colony ("Intervenor") to intervene (ECF No. 22) in opposition to Plaintiffs' motion for emergency relief, which the Court ultimately denied. Before the Court is Plaintiffs' motion for leave to amend their Complaint.[1] (ECF No. 29 ("Motion").)

The government filed a notice of non-opposition (ECF No. 34), but Intervenor filed a response opposing the Motion (ECF No. 36), to which Plaintiffs replied (ECF No. 42). For the reasons explained below, the Motion is granted, and the Court accepts the First Amended Complaint as the operative complaint.

---

[1]Also before the Court are Intervenor's countermotion to dismiss (ECF No. 41), the government's motion to dismiss (ECF No. 47), and Plaintiffs' motion for leave to file a surreply in response to the government's motion (ECF No. 54). The Court defers consideration of these motions and has scheduled a hearing to consider the issues they contain (ECF No. 58).

## II.    BACKGROUND

Plaintiffs' original complaint requested that the Court issue a mandatory injunction reinstating their appeal pending before the Inter-Tribal Court of Indian Appeals, vacating the Appeals Court's order dismissing the appeal, and transferring their appeal from the Winnemucca Indian Colony's tribal court back to the Appeals Court. (ECF No. 6 at 13.) Plaintiffs and the government stipulated to a 90-day stay while they attempted to resolve the matter out of court. (ECF No. 13.)

While the stay was pending, Plaintiffs filed a motion for emergency relief. (ECF No. 15.) The Court ordered expedited briefing and set a hearing for the following day. (ECF No. 16.) The Court construed the emergency motion as a request for a temporary restraining order, which in part would require the law enforcement division of the Bureau of Indian Affairs to enforce the order of a court which may lack jurisdiction. (ECF No. 25 at 6.) The Court found Plaintiffs had not demonstrated a likelihood of success on the merits of their emergency motion and denied the requested relief accordingly. (*Id.* at 27.)

On November 17, 2021, Plaintiffs filed a motion for leave to amend the complaint (ECF No. 29) and an unopposed motion to lift the stay (ECF No. 28). The proposed first amended complaint ("First Amended Complaint" or "FAC") still alleges that the interim government of the Winnemucca Indian Colony is unlawfully attempting to remove Plaintiffs from their homes; however, the First Amended Complaint asserts claims against Secretary Haaland for BIA's alleged violations of the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5301 *et seq.*, and BIA's own regulations. (ECF No. 29 at 20-24.) The First Amended Complaint requests that the Court order the Secretary to reassume control over the Judicial Services and Law Enforcement Programs, which were subject to the self-determination contract entered into with the interim government. (ECF No. 29 at 24.) Plaintiffs further request that the Court enjoin the Secretary from entering into any further self-determination contracts with the interim government, require that the Secretary replace Plaintiffs' homes and property that the interim government demolished or took, and appoint a special master to oversee the Secretary's actions. (*Id.*)

2

1    **III.    LEGAL STANDARD**

2    "The court should freely give leave [to amend] when justice so requires." Fed. R.

3    Civ. P. 15(a)(2).[2] "[D]istrict courts should apply Rule 15(a) liberally, particularly when no

4    answer has been filed." *Wong v. Flynn-Kerper*, 999 F.3d 1205, 1214 n.12 (9th Cir. 2021);

5    *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or

6    circumstances relied upon by a plaintiff may be a proper subject of relief, [they] out to be

7    afforded an opportunity to test [their] claim on the merits."). "In determining whether to

8    grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay,

9    (3) prejudice to the opposing party, (4) whether the plaintiff has previously amended the

10   complaint, and (5) futility of amendment." *Carvajal v. Clark County*, 539 F.Supp.3d 1104,

11   1116-17 (D. Nev. 2021) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

12   Generally, leave to amend is only denied when it is clear that the deficiencies of the

13   complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957

14   F.2d 655, 658 (9th Cir. 1992).

15   **IV.    DISCUSSION**

16   Intervenor argues that the amendment is: (1) requested in bad faith, (2) unduly

17   delayed, (3) prejudicial to Intervenor, and (4) futile. (ECF No. 36.) Because none of

18   Intervenor's arguments are persuasive, the Court will grant the Motion. First, the Court

19   finds no shadow of bad faith on the part of Plaintiffs. Intervenor argues that Plaintiffs new

20   claims are a dilatory attempt to evade their obligation to exhaust their administrative

21   remedies (ECF No. 36 at 7), but the Court agrees with Plaintiffs that it is questionable

22   whether exhaustion in tribal court, as WIC suggests, is even possible (ECF No. 42 at 6).

23   Even assuming that Intervenor is correct that Plaintiffs' claims are unexhausted, the Court

24

25   _____

     [2]Intervenor's opposition is also a countermotion to dismiss the complaint. (ECF
26   Nos. 36, 41.) Plaintiffs argue that by filing the motion to dismiss, Intervenor triggered the
     21-day period within which Plaintiffs could amend as a matter of right. (ECF No. 42 at 2.)
27   The Court need not resolve whether a later-filed motion to dismiss could transform a
     motion for leave to amend with leave of court under Rule 15(a)(2) into a motion for leave
28   to amend under Rule 15(a)(1)(B) because the Court agrees that regardless, leave should
     be given. Moreover, because Intervenor did not have the opportunity to respond to
     Plaintiffs' Ruel 15(a)(1)(B) arguments, the Court constrains its analysis to Rule 15(a)(2).

1    is not persuaded that such a circumstance would warrant a finding of bad faith. Second,
2    there is obviously no undue delay, as Plaintiffs moved to amend their complaint the same
3    day they moved to lift the stay. (ECF Nos. 28, 29.) The entire litigation had been pending
4    for just over three months, during two of which the case was stayed. Moreover, the motion
5    for leave to amend occurred before either party was obliged to answer or otherwise
6    respond to the original complaint. For the same reasons, there is no risk of prejudice to
7    Intervenor. Because this is Plaintiffs' first request for amendment, the only remaining
8    question is whether amendment would be futile.

9          Intervenor contends that amendment is futile because Plaintiffs are not members
10   of the Winnemucca Indian Colony and therefore lack standing and, alternatively, that
11   Plaintiffs were required to exhaust their administrative remedies before asserting their
12   claims in federal court. (ECF No. 36 at 8-10.) The Court addresses each futility argument
13   in turn.

14         **A.**    **Standing**

15         The crux of Intervenor's standing argument is that because Plaintiffs lack any right
16   to the land on which they had been living, there is no possibility that this Court could
17   redress their injuries through this suit. (ECF No. 36 at 10.) Plaintiffs first dispute that they
18   are not rightful members of the Winnemucca Indian Colony. (ECF No. 42 at 10.) Although
19   Plaintiffs do not appear to contest that they have not been enrolled as members by the
20   Rojo Council or a prior government, they do argue that the Rojo Council has prevented
21   them from enrolling despite their meeting the constitutional requirements for membership.
22   (*Id.*) Plaintiffs further argue that even if they are ineligible to be members of the
23   Winnemucca Indian Colony, they are "persons" who are affected by the Rojo Council's
24   governance and the Bureau of Indian Affairs ("BIA") therefore had a duty to prevent harm
25   to them when approving the self-determination contract—regardless of their membership
26   status. (ECF No. 42 at 11, 13.) The Court is persuaded that Plaintiffs need not be
27   members of the Winnemucca Indian Colony to have standing to pursue the claims
28   outlined in the proposed First Amended Complaint.

"It is well established that 'the irreducible constitutional minimum of standing contains three elements': (1) a concrete and particularized injury that is 'actual or imminent, not conjectural or hypothetical'; (2) a causal connection between the injury and the defendant's challenged conduct; and (3) a likelihood that a favorable decision will redress that injury." *Pyramid Lake Paiute Tribe of Indians v. Nev. Dep't of Wildlife*, 724 F.3d 1181, 1187-88 (9th Cir. 2013) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). WIC contends that Plaintiffs "have no legally protected interest in Winnemucca Indian Colony land," so they "cannot claim any harm" and there is "no causal connection between their alleged injuries and the conduct of BIA, or of Winnemucca Indian Colony." (ECF No. 36 at 10.) The Court focuses on whether Plaintiffs' alleged harm is redressable, because WIC's argument that there is no causal connection between the destruction of Plaintiffs homes or threats of their evictions and the actions of Intervenor or the government is implausible on its face.

The Court disagrees with Intervenor's standing analysis for two reasons. First, it is not clear that Plaintiffs' only interest in the outcome of this litigation is tied to their legal interest in their land. Plaintiffs allege in the First Amended Complaint that the BIA violated its duties under 25 U.S.C. § 5330 and 25 C.F.R. §§ 900.247-252. (ECF No. 29 at 20-24.) It is not apparent from the face of the statute or BIA's regulations that only members of the tribal organization that contracted with BIA have standing to pursue reassumption of a self-determination contract. Second, even if Plaintiffs were required to be members of the Winnemucca Indian Colony to pursue the claims in the First Amended Complaint, Intervenor has not shown that Plaintiffs are not members. Both parties' arguments on this point are conclusory and unsupported by any evidence. Because, at this time, there is an open question as to whether the Court could supply a remedy for Plaintiffs' alleged harm, the Court rejects Intervenor's standing argument.

### B.    Failure to Exhaust

Intervenor next argues that Plaintiffs are required to first exhaust their administrative and/or tribal court remedies. (ECF No. 36 at 7-8.) In its opposition,

1   Intervenor appears to argue that either Plaintiffs' claims are actually eviction claims which

2   fall under the sole jurisdiction of the Winnemucca tribal court, or that challenges to BIA

3   action must first proceed before the Interior Board of Indian Appeals ("IBIA"). (*Id.* at 7.)

4   However, Intervenor's arguments are cursory and do not explain their legal basis. For

5   example, Intervenor does not explain why Plaintiffs' alleged failure to file an appeal before

6   IBIA renders their attempt to amend the original complaint "futile" rather than potentially

7   unsuccessful. It is not apparent from Intervenor's opposition to the Motion whether

8   exhaustion before the IBIA is a mandatory prerequisite to bringing a claim under § 5330

9   in federal court; regardless, such issues are more properly the subject of a motion to

10  dismiss for failure to state a claim or a motion for summary judgment. Conveniently, both

11  Intervenor and the government have already filed motions to dismiss targeted at the

12  claims in the proposed First Amended Complaint. (ECF Nos. 41, 47.) The Court therefore

13  finds that the interests of judicial efficiency and the benefit of more complete briefing

14  warrants granting Plaintiffs leave to amend so that the parties may more clearly argue

15  whether Plaintiffs' claims are unexhausted and, if so, if that defect warrants dismissal.

16          In sum, the Court finds that justice requires Plaintiffs be given leave to amend. The

17  Court will therefore grant the Motion.[3]

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

27          [3]The Court notes that the parties made several arguments and cited to several
    cases not discussed above. The Court has reviewed these arguments and cases and
28  determines that they do not warrant discussion as they do not affect the outcome of the
    motions before the Court.

6

1  **V.    CONCLUSION**

2         It is therefore ordered that Plaintiffs' motion for leave to amend (ECF No. 29) is

3  granted. The First Amended Complaint is the operative complaint in this case.

4         It is further ordered that ruling on Intervenor's countermotion to dismiss (ECF No.

5  41), the government's motion to dismiss (ECF No. 47), and Plaintiffs' motion for leave to

6  file a surreply (ECF No. 54) are deferred.

7         DATED THIS 26th Day of April 2022.

8

9                                          _____

10                                         MIRANDA M. DU
                                           CHIEF UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28